DLD-226                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2119
_____

IN RE:  AARON MICHAEL JONES
a/k/a Michael John Aaron Jones

AARON MICHAEL JONES,
Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to W.D. Pa. Civil Action No. 11-cv-00361)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
July 12, 2012

Before:  AMBRO, JORDAN AND VANASKIE, Circuit Judges

(Opinion filed: July 23, 2012)
_____

OPINION
_____

PER CURIAM

Pro se Petitioner Aaron Michael Jones seeks a writ of mandamus to preserve his

civil rights action and to remove Judge Maureen P. Kelly from the case.  Because the

District Court case is closed, this mandamus petition will be denied as moot.

While a prisoner in the custody of the Pennsylvania Department of Corrections,

Jones brought a civil rights action in the District Court for the Western District of

Pennsylvania against local policemen, a state trooper, the EMS Service, Jones's criminal defense attorney, and Allegheny General Hospital (collectively, "Defendants"[1]). The action alleged that Jones was falsely arrested, that he was kidnapped under false pretenses, and that the defendants violated the Interstate Agreement on Detainers Act as well as the First, Sixth, and Fourteenth Amendments of the Constitution. Jones also brought claims for malpractice.

Upon defendants' motions, by order entered March 12, 2012, the District Court dismissed Jones's claims against the police, EMS Service, defense attorney, and hospital defendants and ordered the case closed. It was premature at the time to close the case because the state trooper defendant—whose response to the Amended Complaint was not yet due—remained in the action. The following day, realizing its error, the District Court vacated its March 12, 2012 order and directed the Clerk to reopen the case. It then issued a new opinion and order dismissing the moving defendants, which Jones appealed. The state trooper, the last remaining defendant, later moved to dismiss. Before the District Court decided the motion, Jones filed a "Motion to Withdraw Complaint," announcing his intention to "proceed no further" with the action. The District Court granted Jones's motion by order entered May 2, 2012, thereby ending the litigation.

Prior to withdrawing his civil action complaint, Jones filed a petition for a writ of mandamus asking this Court to remove Judge Kelly from the case and to "invoke [sic]

---

[1] Although other defendants were named in the suit, including certain federal defendants, Jones voluntarily withdrew his claims against them.

temporary injunction on [his civil action]."[2]  (Pet. for Writ at 3-4.)  Jones argues that

Judge Kelly exhibited prejudice in granting the motions to dismiss and allowing the state

trooper defendant to file a motion to dismiss out of time.  (Id. at 2-3.)  Jones contends that

Judge Kelly's "prejudice, partiality, [and] bias" are demonstrated by the "amount of

mistakes in the proceedings."  (Id. at 2.)

A writ of mandamus is a drastic remedy available only in extraordinary cases.

See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005).  A petitioner

seeking mandamus must demonstrate that: "(1) no other adequate means exist to attain

the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable,

and (3) the writ is appropriate under the circumstances."  Hollingsworth v. Perry, 130 S.

Ct. 705, 710 (2010) (internal quotations omitted).  A writ of mandamus should not issue

where relief may be obtained through an ordinary appeal.  In re Chambers Dev. Co., Inc.,

148 F.3d 214, 223 (3d Cir. 1998).

Because the District Court case has closed, Jones's petition for mandamus relief is

moot.  We note that even if the petition were not moot, Jones has not shown a clear and

---

[2] Though the petition is titled "Writ of Preliminary or Temporary Injunction or Stay," it is not entirely clear what Jones seeks to have enjoined.  We have explained that "[a]lthough a writ of mandamus may appear more appropriate when the request is for an order mandating action, and a writ of prohibition may be more accurate when the request is to prohibit action, modern courts have shown little concern for the technical and historic differences between the two writs."  In re Sch. Asbestos Litig., 921 F.2d 1310, 1313 (3d Cir. 1990).  Thus, it is irrelevant to our analysis here whether Jones's request is properly characterized as one for mandamus or prohibition, as "the form is less important than the substantive question of whether an extraordinary remedy is available."  Id. (internal quotations omitted).

3

indisputable right to relief, and he is not without alternative recourse. His claim that Judge Kelly exhibited bias and partiality is entirely unsupported. See Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000) ("[A] party's displeasure with legal rulings does not form an adequate basis for recusal . . . ."). The inadvertent error made by the District Court in prematurely closing the case, which it promptly rectified, certainly does not demonstrate the "deep-seated" or "high degree" of "favoritism or antagonism" that is required to warrant recusal. United States v. Wecht, 484 F.3d 194, 220-21 (3d Cir. 2007) (quoting Liteky v. United States, 510 U.S. 540, 555-56 (1994)).

Accordingly, the petition for a writ of mandamus will be denied.